UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JAMES LANE and DAWNA LANE,                NO. CIV. 2:10-335 WBS GGH

       Plaintiffs,

    v.                                    <u>ORDER RE: PRELIMINARY</u>
                                          <u>INJUNCTION</u>
VITEK REAL ESTATE INDUSTRIES
GROUP dba VITEK MORTGAGE
GROUP, a California
corporation; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC., a California
corporation; AURORA LOAN
SERVICES, INC., a Delaware
corporation; CITIMORTGAGE,
INC., a New York corporation;
CAL-WESTERN RECONVEYANCE
CORP., a California
corporation; and DOES 1 to
100, inclusive,

       Defendants.
_____/

----oo0oo----

      On February 9, 2010, the court granted plaintiffs'
unopposed motion for a Temporary Restraining Order and issued an

1

1  Order to Show Cause on plaintiffs' motion for a preliminary

2  injunction preventing defendants from foreclosing on plaintiffs'

3  property.  (Docket No. 11.)  Defendant CitiMortgage, Inc. ("CMI")

4  filed an Opposition to the motion for a preliminary injunction

5  along with a declaration from a Legal Support Specialist at CMI

6  and a series of documents related to plaintiffs' mortgage.

7  (Docket No. 15.)

8  I.  Standard

9       A preliminary injunction is "an extraordinary and

10  drastic remedy, one that should not be granted unless the movant,

11  by a clear showing, carries the burden of persuasion." Mazurek

12  v. Armstrong, 520 U.S. 968, 972 (1997).  "A plaintiff seeking a

13  preliminary injunction must establish that he is likely to

14  succeed on the merits, that he is likely to suffer irreparable

15  harm in the absence of preliminary relief, that the balance of

16  equities tips in his favor, and that an injunction is in the

17  public interest." Winter v. Nat. Res. Def. Council, Inc., ---

18  U.S. ----, 129 S. Ct. 365, 374 (2008).  "Plaintiffs seeking

19  preliminary relief [must] . . . demonstrate that irreparable

20  injury is likely in the absence of an injunction." Id. at 375

21  (emphasis in original).

22  II.  Likelihood of Success on the Merits

23       Plaintiffs have not established a likelihood of success

24  on the merits sufficient to warrant the extraordinary remedy of a

25  preliminary injunction.  Although plaintiffs' Complaint consists

26  of eleven causes of action, plaintiffs only argue they are

27  entitled to a preliminary injunction on the basis of the

28  following three claims: (1) wrongful foreclosure in violation of

California Civil Code section 2923.5, (2) plaintiffs' contention that defendants cannot foreclose upon the Deed of Trust because they are not beneficiaries under the Note, and (3) plaintiffs' demand for rescission of the loan under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f.  While plaintiffs failed to so much as mention their other causes of action in their motion for a preliminary injunction, out of caution the court will evaluate plaintiffs' likelihood of success on all those claims for which plaintiffs request equitable relief in the Complaint.

A.   <u>Section 2923.5 Wrongful Foreclosure Claim</u>

Plaintiffs contend that defendants failed to comply with the communication requirements set forth in California Civil Code section 2923.5.  Section 2923.5(a)(2) requires a "mortgagee, beneficiary or authorized agent" to "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure."  Section 2923.5(b) requires a default notice to include a declaration "from the mortgagee, beneficiary, or authorized agent" of compliance with section 2923.5, including attempt "with due diligence to contact the borrower as required by this section."

While plaintiffs make the conclusory claim that no one attempted to contact them to discuss options to pay their loan or assess their financial situation before foreclosure, defendants have raised serious doubts about this contention.  CMI has provided a declaration indicating that it contacted plaintiffs on nine separate occasions (April 1, 27; May 7, 26; June 3, 8, 10, 25; and July 14, 2009) to assess their financial situation and

1  explore options for avoiding foreclosure.  (Oaks Decl. ¶¶ 8-13.)[1]

2  In plaintiffs' declaration, supplied in support of their Ex Parte

3  Application for a Temporary Restraining Order, plaintiffs claim

4  that they did not receive any correspondence from CMI prior to

5  the filing of the Notice of Default on the property advising

6  plaintiffs to contact CMI.  (Lane Decl. (Docket No. 8) ¶ 8.)

7  However, plaintiffs further state that they called CMI in

8  response to what they characterize as "constant collection calls"

9  and were subsequently referred to CMI's Loss Mitigation

10  Department, which provided plaintiffs with loan modification

11  forms to fill out.  (Id.)  Ultimately, plaintiffs contend that

12  they were given conflicting information about whether their loan

13  modification was accepted until it was finally officially denied.

14  (Id.)

15        Section 2923.5 requires the borrower to discuss options

16  to prevent foreclosure, but it does not require that any loan

17  modification take place.  See Vega v. JPMorgan Chase Bank, N.A.,

18  654 F. Supp. 2d 1104, 1113 (E.D. Cal. 2009) (O'Neill, J.).

19  Although plaintiffs' plead they responded to "collection calls"

20  by CMI, the actions allegedly taken by CMI are consistent with an

21  attempt to assess plaintiffs' financial situation and investigate

22  ways to avoid foreclosure.  As plaintiffs admit, CMI provided

23  plaintiffs with loan modification forms and told them a loan

24

25        [1]   Plaintiffs have challenged the admissibility of a
   number of statements in the Oakes Declaration.  However, it is
26  well-established that courts may consider otherwise inadmissible
   evidence in preliminary injunction proceedings, so long as they
27  give appropriate weight to the evidence.  See, e.g., Flynt
   Distributing Co. v. Harvey, 734 F.2d 1389, 1394 (9th Cir. 1984);
28  see also Sega Enters. Ltd. v. Accolade, Inc., 977 F.2d 1510, 1530
   n. 10 (9th Cir. 1992).

negotiator would be assigned to their account.  (Lance Decl. ¶ 8.)  CMI was not required by law to grant plaintiffs' application for loan modification.  Plaintiffs' description of events leading to CMI's ultimate rejection of plaintiffs' application, while artfully claiming that CMI did not specifically reach out to them to explore options to avoid foreclosure, appears consistent with CMI's compliance with the statute.  The facts presented by plaintiffs, despite their characterization, sound like the back and forth between a lender and borrower attempting to modify a loan, rather than CMI stonewalling plaintiffs before filing the Notice of Default.  As plaintiffs themselves concede that they made contact with CMI and discussed loan modification options, they have not shown they are likely to succeed on the merits of their wrongful foreclosure claim.

Additionally, in their Reply brief, plaintiffs claim that their first cause of action for violation of section 2923.5 is actually a claim for negligence, with the standard of care established by section 2923.5.  (Pls.' Reply 2:18-23.)  "Absent 'special circumstances' a loan transaction 'is at arms-length'" and no duties arise from the loan transaction outside of those in the agreement.  Rangel v. DHI Mortgage Co., Ltd., No. CV F 09-1035 LJO GSA, 2009 WL 2190210, at *3 (E.D. Cal. July 21, 2009) (quoting Oaks Mgmt. Corp. v. Superior Court, 145 Cal. App. 4th 453, 466 (2006)).  Absent contrary authority, a pleading of an assumption of duty by defendants or a special relationship, plaintiffs cannot establish defendants owed them a duty of care.  See Hardy v. Indymac Fed. Bank, --- F.R.D. ---, No. CV F 09-935 LJO SMS, 2009 WL 2985446, at *7 (E.D. Cal. Sept. 15, 2009);

1    Bentham v. Aurora Loan Servs., No. C-09-2059 SC, 2009 WL 2880232,
2    at *2-3 (N.D. Cal. Sept. 1, 2009).   Accordingly, plaintiffs'
3    first claim is unlikely to succeed on the merits even if it is
4    construed as a claim for negligence.
5          B.    "No Beneficial Interest" Theory and Injunctive Relief
6                Claim
7          Plaintiffs' claim that defendants are not beneficiaries
8    under the Note and therefore cannot foreclose under the Deed of
9    Trust is incorrect as a matter of law.   This theory appears to be
10   the basis for plaintiffs' tenth cause of action for declaratory
11   and injunctive relief.  (See Compl. ¶¶ 77-82.)  Plaintiffs assert
12   that "there have been numerous improprieties in the assignment,
13   transfer and exercise of power of sale contained in the Deed of
14   Trust" because MERS has no authority to assign its interest under
15   the Deed of Trust and no parties are in possession of the Note.
16         Specifically, plaintiffs assert that defendants cannot
17   foreclose upon the Deed of Trust absent a beneficial interest in
18   the Note.  (Mot. Prelim. Injunction 8:20-25.)  Plaintiffs contend
19   that none of the parties are beneficiaries of the Note and only
20   have interests in the Deed of Trust, which leaves them without
21   any right to foreclose upon the Deed of Trust.  "Financing or
22   refinancing of real property is generally accomplished in
23   California through a deed of trust.  The borrower (trustor)
24   executes a promissory note and deed of trust, thereby
25   transferring an interest in the property to the lender
26   (beneficiary) as security for repayment of the loan." Bartold v.
27   Glendale Fed. Bank, 81 Cal. App. 4th 816, 821 (2000).  A deed of
28   trust "entitles the lender to reach some asset of the debtor if

6

1  the note is not paid." <u>Alliance Mortg. Co. v. Rothwell</u>, 10 Cal.
2  4th 1226, 1235 (1995).

3          The California Court of Appeal for the Fourth District
4  has explained that California's non-judicial foreclosure statute,
5  California Civil Code section 2924, is a "comprehensive statutory
6  framework established to govern nonjudicial foreclosure sales
7  [and] is intended to be exhaustive." <u>Moeller v. Lien</u>, 25 Cal.
8  App. 4th 822, 834 (1994); <u>see</u> <u>I.E. Assoc. v. Safeco Title Ins.</u>
9  <u>Co.</u>, 39 Cal. 3d 281 (1985) ("These provisions cover every aspect
10 of exercise of the power of sale contained in a deed of trust.").
11 Because of the exhaustive nature of this scheme, California
12 appellate courts have refused to read any additional requirements
13 into the non-judicial foreclosure statute.  <u>See</u> <u>Moeller</u>, 25 Cal.
14 App. 4th at 834; <u>see also</u>, <u>I.E. Assocs. v. Safeco Title Ins. Co.</u>,
15 39 Cal. 3d 281, 288 (1985).

16         Under California Civil Code section 2924(a)(1), a
17 "trustee, mortgagee or beneficiary or any of their authorized
18 agents" may conduct the foreclosure process.  Under California
19 Civil Code section 2924b(4), a "person authorized to record the
20 notice of default or the notice of sale" includes "an agent for
21 the mortgagee or beneficiary, an agent of the named trustee, any
22 person designated in an executed substitution of trustee, or an
23 agent of that substituted trustee."  "Upon default by the
24 trustor, the beneficiary may declare a default and proceed with a
25 nonjudicial foreclosure sale." <u>Moeller</u>, 25 Cal. App. 4th at 830.
26 There is no stated requirement in California's non-judicial
27 foreclosure scheme that requires a beneficial interest in the
28 Note in order to foreclose.  Rather, the statute broadly allows a

7

trustee, mortgagee, beneficiary, or any of their agents to
initiate non-judicial foreclosure.  Accordingly, the statute does
not require a beneficial interest in both the Note and the Deed
of Trust to commence a non-judicial foreclosure sale.

　　　　This interpretation is consistent with the rulings of
this court, along with many others, that MERS has standing to
foreclose as the nominee for the lender and beneficiary of the
Deed of Trust and may assign its beneficial interest to another
party.  See, e.g., Morgera v. Countrywide Home Loans, Inc., No.
Civ. 2:09-01476 MCE GGH, 2010 WL 160348, at *8 (E.D. Cal. Jan.
11, 2010) (collecting cases); Pantoja v. Countrywide Home Loans,
Inc., 640 F. Supp. 2d 177 (N.D. Cal. 2009); Castaneda v. Saxon
Mortg. Servs., Inc., --- F. Supp. 2d ----, No. Civ. 2:09-01124
WBS DAD, 2009 WL 4640673, at *4 (E.D. Cal. Dec. 3, 2009); Bentham
v. Aurora Loan Servs., No. C-09-2059 SC, 2009 WL 2880232, at *3
(N.D. Cal. Sept. 1, 2009); Kachlon v. Markowitz, 186 Cal. App.
4th 316, 334-35 (2008).  MERS properly substituted Cal-Western
Reconveyance Corp. as a Trustee and assigned its beneficial
interest to CMI on September 15, 2009.  (Oaks Decl. Exs. C, D.)

　　　　Plaintiffs also argue that while MERS may generally
have the ability to authorize foreclosure, it can only do so when
it is granted the power of sale, which it was not here.  (Mot.
Prelim. Injunction 9:15-20.)  However, the copy of the Deed of
Trust submitted by CMI contains such a power of sale provision,
giving MERS "as nominee for the lender and the lender's assigns .
. . the right: to exercise any or all of those interests,
including, but not limited to, the right to foreclose and sell
the Property . . . ."  (Oaks Decl. Ex. B (Deed of Trust) at 3.)

1   Finally, plaintiffs contend that none of the defendants
2   have the authority to foreclose because their loan was packaged
3   and resold in the secondary market, where it was put into a trust
4   pool and securitized.   The argument that parties lose their
5   interest in a loan when it is assigned to a trust pool has also
6   been rejected by many district courts.   See, e.g., Bentham, 2009
7   WL 2880232, at *3 ("Other courts . . . have summarily rejected
8   the argument that companies like MERS lose their power of sale
9   pursuant to the deed of trust when the original promissory note
10  is assigned to a trust pool."); Hafiz v. Greenpoint Mortg.
11  Funding, Inc., No. C-09-1729, 2009 WL 2137393, at *2 (N.D. Cal.
12  Jul. 16, 2009).   Accordingly, plaintiffs have not shown a
13  likelihood of success on their theory that defendants may not
14  foreclose on their home because no defendants are appropriate
15  beneficiaries under the Note.

16      C.   TILA Rescission Claim

17          Plaintiffs have also failed to show a likelihood of
18  success on the merits for their demand for rescission under TILA.
19  In a consumer credit transaction where the creditor acquires a
20  security interest in the borrower's principal dwelling, TILA
21  provides the borrower with "a three-day cooling-off period within
22  which [he or she] may, for any reason or for no reason, rescind"
23  the transaction.   McKenna v. First Horizon Home Loan Corp., 475
24  F.3d 418, 421 (1st Cir. 2007) (citing 15 U.S.C. § 1635).   A
25  creditor must "clearly and conspicuously disclose" this right to
26  the borrower along with "appropriate forms for the [borrower] to
27  exercise his right to rescind."   15 U.S.C. § 1635(a).

28          If a creditor fails to provide the borrower with the

9

required notice of the right to rescind, the borrower has three
years from the date of consummation to rescind the transaction.
Id. § 1635(f); see 12 C.F.R. § 226.23(a)(3) ("If the required
notice or material disclosures are not delivered, the right to
rescind shall expire 3 years after consummation."). "[Section]
1635(f) completely extinguishes the right of rescission at the
end of the 3-year period." Beach v. Ocwen Fed. Bank, 523 U.S.
410, 412, (1998); see also Miquel v. Country Funding Corp., 309
F.3d 1161, 1164 (9th Cir. 2002) ("[S]ection 1635(f) represents an
'absolute limitation on rescission actions' which bars any claims
filed more than three years after the consummation of the
transaction. (quoting King v. California, 784 F.2d 910, 913 (9th
Cir. 1986))); Cazares v. Household Fin. Corp., 2005 U.S. Dist.
LEXIS 39222, at *24-25 (C.D. Cal. 2005) (concluding that, "[i]f
certain Plaintiffs did exercise their rights to rescind[ ] prior
to the expiration of the three-year limitation period," such
facts "would only entitle Plaintiffs to damages, not rescission"
(citing Belini v. Wash. Mut. Bank, FA, 412 F.3d 17 (1st Cir.
2005))).  Plaintiffs argue that the Complaint, filed February 9,
2010, acted to rescind the loan.  (Compl. ¶ 38.)  However,
according to CMI's documentation, plaintiffs' loan closed on July
13, 2003, putting their notice of rescission well outside of the
three-year limitations period.  (Oaks Decl. Exs. A, B.)

        Even if plaintiffs were legally entitled to equitable
tolling of their claim, plaintiffs have not alleged any facts in
the Complaint that would warrant tolling the statute of
limitations.  Plaintiffs simply assert that they were unable to
discover defendants' TILA violations until two weeks before the

1  filing of the Complaint because defendants "fraudulently

2  concealed those violations . . . ." (Compl. ¶ 34.)  This

3  conclusory allegation is insufficient to establish the necessity

4  for equitable tolling under even the pleading standards of

5  Federal Rule of Civil Procedure 8(a).  See Ashcroft v. Iqbal, 129

6  S. Ct. 1937, 1949 (2009); Cervantes v. Countrywide Home Loans,

7  Inc., 2009 U.S. Dist. LEXIS 87997, at * 13-14 (D. Ariz. 2009)

8  (holding that equitable tolling was not appropriate when

9  plaintiffs simply alleged that defendants "fraudulently

10 misrepresented and concealed the true facts related to the items

11 subject to disclosure").  It is therefore unlikely that

12 plaintiffs will be able to establish that their demand for

13 rescission is timely, and accordingly they have not demonstrated

14 a likelihood for success on their TILA rescission claim.

15         D.   Quiet Title Claim

16              Plaintiffs cannot sustain a quiet title claim as a

17 matter of law.  The purpose of a quiet title action is to

18 establish one's title against adverse claims to real property.  A

19 basic requirement of an action to quiet title is an allegation

20 that plaintiffs "are the rightful owners of the property, i.e.,

21 that they have satisfied their obligations under the Deed of

22 Trust."  Kelley v. Mortgage Elec. Reg. Sys., Inc., No. C 09-01538

23 SI, --- F. Supp. 2d ----, 2009 WL 2475703, at *7 (N.D. Cal. Aug.

24 12, 2009).  "[A] mortgagor cannot quiet his title against the

25 mortgagee without paying the debt secured."  Watson v. MTC Fin.,

26 Inc., No. Civ. 2:09-01012 JAM KJM, 2009 WL 2151782 (E.D. Cal.

27 Jul. 17, 2009) (quoting Shimpones v. Stickney, 219 Cal. 637, 649

28 (1934)).  Since plaintiffs concede they have not paid the debt

1  secured by the mortgage, they cannot sustain a quiet title action
2  against defendants.

3        E.    California's Unfair Competition Law Claim

4              California's Unfair Competition Law ("UCL"), Cal. Bus.
5  & Prof. Code §§ 17200-17210, prohibits "any unlawful, unfair, or
6  fraudulent business act or practice." Cal-Tech Commc'ns, Inc. v.
7  L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).  This cause
8  of action is generally derivative of some other illegal conduct
9  or fraud committed by a defendant, and "[a] plaintiff must state
10 with reasonable particularity the facts supporting the statutory
11 elements of the violation." Khoury v. Maly's of Cal., Inc., 14
12 Cal. App. 4th 612, 619 (1993).

13             Plaintiffs' claim under the UCL is vague and
14 conclusory, simply alleging that "the unlawful acts and practices
15 of [d]efendants alleged herein constitute unlawful business acts
16 and/or practices. . . ." (FAC ¶ 72.)  Plaintiffs' claim lumps
17 all defendants together and fails to identify any specific act
18 taken by any one of the named defendants.  (See FAC ¶¶ 72-76.)
19 Such vague and conclusory allegations are insufficient to inform
20 defendants as to their liability, let alone to demonstrate that
21 plaintiffs have a likelihood of success on the merits of their
22 UCL claim.  See Associated Gen. Contractors of Cal., Inc. v. Cal.
23 State Council of Carpenters, 459 U.S. 519, 526 (1983); Gauvin v.
24 Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988); see also
25 Lingad v. Indymac Fed. Bank, No Civ. 2:09-02347 GEB JFM, --- F.
26 Supp. 2d ----, 2010 WL 347994, at *11 (E.D. Cal. Jan. 29, 2010).
27 Although plaintiffs cite violations of California Civil Code
28 sections 2923.5 and 2924 in their UCL claim, the court has

1  already found that plaintiffs are unlikely to succeed on their
2  section 2923.5 wrongful foreclosure claim and plaintiffs have not
3  alleged how defendants purportedly violated section 2924.

4          Because plaintiffs have not shown a likelihood of
5  success on any of their claims, their motion for a preliminary
6  injunction must be denied.  See Winter, 129 S. Ct. at 374.

7          IT IS THEREFORE ORDERED that plaintiffs' temporary
8  restraining order be, and the same hereby is, VACATED AND SET
9  ASIDE.

10         IT IS FURTHER ORDERED that plaintiffs' motion for a
11 preliminary injunction be, and the same hereby is, DENIED.
12 DATED:  March 4, 2010

13

14                                                    _____
15                              WILLIAM B. SHUBB
16                              UNITED STATES DISTRICT JUDGE